**In re Eloise GOODWIN, Debtor.**

**Eloise GOODWIN, Plaintiff,**

v.

**AAA REMODELING CO.,
INC., Defendant.**

No. 89–05152–293.
Adv. No. 89–0447(2).

United States Bankruptcy Court,
E.D. Missouri, E.D.

July 9, 1992.

T.J. Mullin, Attorney, Clayton, Mo., for debtor/plaintiff.

Daniel E. Reuter, Arnold, Mo., for defendant.

James S. Cole, Asst. U.S. Trustee, St. Louis, Mo.

John V. LaBarge, Jr., Trustee, St. Louis, Mo.

MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(K), which the Court may hear and determine.

PROCEDURAL BACKGROUND

Debtor filed a petition under Chapter 13 of the Bankruptcy Code on December 6, 1989. On December 20, 1989, Debtor filed this adversarial petition seeking to set aside the Deed of Trust AAA Remodeling Co., Inc. (AAA), holds against her house on the grounds that the Deed of Trust did not contain a legal description of her property when she signed the Deed of Trust and that AAA Remodeling later altered the Deed of Trust without her consent.

FACTUAL BACKGROUND

After considering the record, the court finds the following facts:

(1) AAA did work on Debtor's sister's house.

(2) In April of 1988, Ms. Goodwin, impressed with AAA's work on her sister's home, contacted the company about making some repairs to her house.

(3) Debtor met with Mr. Weise in April and signed a number of blank documents, including a Deed of Trust.

(4) Later, Debtor decided to add the installation of central air conditioning to the work AAA would perform at her home. Again she called AAA.

(5) At Mr. Weise's direction, Mr. R. Dean Lyles prepared a form Deed of Trust con-

taining a legal description of Debtor's property. This Deed of Trust was complete except that the space to type the amount of money Ms. Goodwin would borrow from AAA was left blank. Mr. Lyles, not knowing when Mr. Weise would visit Ms. Goodwin, dated the Deed of Trust July 21, 1988.

(6) On July 18, 1988, Mr. Weise returned to Ms. Goodwin's house with more documents for her to sign, including the Deed of Trust which Mr. Lyles had prepared and dated July 21, 1988. Neither Mr. Weise nor the Debtor noticed the erroneous date on the Deed of Trust. Mr. Weise told Ms. Goodwin he would type the proper amount of indebtedness in the blank after returning to his office. During this same visit, Debtor and Mr. Weise filled out a contract, which described the work AAA would do, and the Promissory Note that the Deed of Trust would secure. The Promissory Note, which was attached to the Deed of Trust, stated the amount of money Debtor was borrowing from AAA.

(7) Ms. Goodwin testified that she was certain the Deed of Trust she signed in April was blank but that she was not sure whether the Deed of Trust she signed in July was blank when she signed it.

DISCUSSION

■ Debtor asserts that AAA's Deed of Trust is void and without effect because the amount of indebtedness was not typed on the face of the Deed of Trust when Ms. Goodwin signed it. Debtor cites no authority for this assertion.[1] This court does not believe that the omission of the amount of indebtedness from the face of the Deed of Trust and its later insertion by AAA is fatal to the Deed of Trust's validity.

In *Bruegge v. State Bank of Wellston,* 74 S.W.2d 835 (Mo.1934), the Missouri Supreme Court held that in some circumstances, a lender's officers have "implied authority to fill in the blank spaces in collateral agreements." *Id.* at 840. The

Court explained that such "authority to fill in blanks need not be express, but may be implied, and when fairly inferable from the conduct of the parties, and circumstances surrounding the transaction, is as effectually given as if expressly confered." *Id.* (citing 1 R.C.L. 1012, § 45, 2 C.J. 1242–1244, §§ 119–121). Here, Mr. Weise told the Debtor he would type the proper amount of indebtedness in the space reserved for it on the face of the Deed of Trust. The Debtor did not object. Mr. Weise completed the contract with Ms. Goodwin and she knew how much the work AAA was going to do for her would cost. In these circumstances, this court holds that Mr. Weise had implied authority to type the amount of the indebtedness on the Deed of Trust after Ms. Goodwin signed it.

■ More recently, the United States District Court for the Western District of Missouri held that a lender's unilateral alteration of the dates on promissory notes was not a "transfer" so as to constitute a preference within 11 U.S.C. § 547. *In re Carmack,* 94 B.R. 148, 151 (W.D.Mo.1988). The *Carmack* court reasoned that the intent of the parties governs a contract and "[a] contract denominated as a promissory note or deed of trust is no exception." *Id.* at 151 citing *Matter of Barnard,* 1 B.R. 640 (Bankr.M.D.Fla.1979). The *Carmack* court found that the lender's change corrected a clerical error and caused the promissory notes to reflect the intent the parties had when they executed the notes. 94 B.R. at 151–52.

The circumstances indicate that on July 18, 1988 Ms. Goodwin and Mr. Weise intended to convey a Deed of Trust to secure the work AAA would do for Ms. Goodwin and neither the incorrect date on the face of the Deed of Trust (a clerical error) nor the blank on the Deed's face at the time of its signing defeats this intent.

---

**1.** The court has only found one Missouri case supporting Debtor's position. *Mills v. First National Bank of Mexico,* 661 S.W.2d 808 (Mo.App. 1983). In *Mills,* the plaintiff signed a Note and Deed of Trust. The Deed of Trust contained an acceleration clause and a forfeiture clause while the Note contained neither. The Missouri Court of Appeals, held that the terms of the Note establish the debt and, therefore, prevail over the terms of the Deed of Trust which merely secures the debt. *Id.* at 811. In its discussion, the court stated, without citing any authority, that a Deed of Trust is required to set out the terms of the debt it secures. *Id.*

This court holds that Ms. Goodwin conveyed a valid Deed of Trust to AAA to secure the work they did for her, as subsequently recorded at Book 8362, page 2166–69.

An Order consistent with this Memorandum Opinion will be entered this date.

## ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED that the Plaintiff/Debtor's Adversary Complaint seeking to set aside a Deed of Trust, conveyed from Eloise Goodwin to AAA Remodeling Co., Inc., recorded at the Recorder of Deeds, St. Louis County, Missouri, in Book 8362, page 2166–69, is DENIED.